SALTER, J.
The issue in this appeal is whether a petition to determine that the appellant/husband is incapacitated—filed by his soon-to-be-former wife after the appellant commenced a dissolution proceeding, and in which the wife sought to be appointed guardian—may warrant an attorney’s fee award against the wife under section 744.331(7), Florida Statutes (2013). On the unique and striking record presented, we reverse the order below denying the husband’s motion for such fees and remand the case for further proceedings.
I. The Parties and the Two Proceedings
The husband and wife were married in New Jersey in 2005. The parties had a prenuptial and a post-nuptial agreement. In January 2013, the 82 year-old appellant filed a verified petition for the dissolution of the marriage. The husband alleged that the parties separated earlier that month and that the marriage was irretrievably broken.
Two weeks later, the wife filed a verified motion to stay or abate the dissolution proceeding for three years pursuant to section 61.052(l)(b), Florida Statutes (2013).[1] The wife alleged that her husband “is incapacitated according to the provisions of F.S. 744.331,” and that she anticipated filing a guardianship petition “shortly” alleging that the husband is incapacitated. She sought attorney’s fees and costs because of the husband’s, or his representatives’, “bad faith in bringing these divorce proceeding while knowing that Husband suffers from Dementia, his Neurologist and his family are aware of this and the result of going forward in this litigation is being done in Bad Faith [sic].”
“Shortly” turned out to be about two months later, two days before the family court was to conduct an evidentiary hearing on the wife’s motion to stay or abate the dissolution case and on the husband’s motion to be restored to the possession of his condominium and automobile.[2] In April 2013, the wife filed and served a petition in the mental health section of the probate division to determine the husband to be an incapacitated person, and an application for appointment as his guardian. The petition disclosed that she “has a Prenuptial Agreement, a Post Nuptial Agreement and one additional Amendment to her Post Nuptial Agreement with the incapacitated person. Thus she may be a creditor of Ward.” Incredibly, however, neither the wife’s petition nor the application to be appointed guardian disclosed that the wife was the respondent in a pending dissolution of marriage proceeding brought by her allegedly-incapacitated husband.
The husband denied the allegations in the wife’s petition for guardianship and moved for his attorney’s fees and costs in responding to a baseless petition brought in bad faith. His answer and his response to the wife’s motion to stay or abate the *17 dissolution proceedings included various recent medical records indicating that the husband was depressed but completely capable of making his own decisions. Despite these disclosures, the wife persisted.
The family court denied the wife’s motion to stay or abate the dissolution proceeding, and it granted the husband’s motion to be restored to possession of the condominium unit and automobile. While recognizing that the judge assigned to the guardianship case would ultimately determine the husband’s competency, the family court judge observed on the record, “I have heard this guy testify at least an hour or more. He may be the smartest, sharpest person in this courtroom right now.”
At the end of April 2013, two physicians and a Ph.D. psychologist (the mental health examining committee appointed by the guardianship division) interviewed the husband and unanimously reported that he was competent to exercise all his rights, recommending that there should be no guardianship. The wife then stipulated to the entry of an order dismissing the petition for guardianship.[3]
The husband moved for a limited rehearing, requesting the guardianship court to grant the husband’s motion for attorney’s fees and costs under section 744.331(7)(c), based on the wife’s bad faith. The guardianship court denied the motion, and this appeal followed.
II. Analysis
The wife’s verified petition to determine incapacity and application to be appointed as guardian[4] were fraught with omissions of material fact and with allegations (for example, that her husband had been diagnosed with dementia) that were resoundingly disproven. Her effort to delay the dissolution proceeding brought by her husband (for three years) and her refusal to allow her husband to continue his occupancy in his condominium unit are so sharply inconsistent with her request to become his guardian that the husband’s motion for fees and costs warranted an evidentiary hearing rather than summary denial.[5]
Section 744.331(7), entitled “Fees,” first directs the court to award reasonable fees to the examining committee and any court-appointed attorney in a procedure to determine incapacity. § 744.331(7)(a), Fla. Stat. (2013). Subsection (7)(c) then-provides that “[i]f the petition is dismissed, costs and attorney’s fees of the proceeding may be assessed against the petitioner if the court finds the petition to have been filed in bad faith.” (Emphasis added). This subsection plainly shifts the burden of footing the costs and attorney’s fees of the proceeding, without restrictions, onto the petitioner who pursues a guardianship in bad faith.
The legal defense proffered by the wife in this appeal is a narrow issue of law *18 which is reviewed de novo.[6] The husband’s attorney in the family court proceeding worked with the court-appointed attorney in the guardianship to establish that the wife’s petition for incapacity was meritless and misleading. The recovery of those fees as “costs and attorney’s fees of the proceeding” involves nothing more than the application of an unambiguous statute. Maddox v. State, 923 So.2d 442, 445 (Fla.2006). The husband’s attorney’s fees and costs relating exclusively to the dissolution proceeding have not been sought, and would not be recoverable, as an incident of the dismissal of the guardianship petition.
III. Conclusion
We reverse the order denying the husband’s motion for reconsideration of his pending motion for attorney’s fees and costs, and we remand for an evidentiary hearing and findings regarding the issue of bad faith. If the trial judge determines that the petition was filed in bad faith, the court may award the husband his attorney’s fees and costs as provided by the statute.

. Section 61.052(l)(b) provides that the mental incapacity of a spouse is an alternative basis for dissolution of marriage, provided “the party alleged to be incapacitated shall have been adjudged incapacitated according to the provisions of s. 744.331 for a preceding period of at least 3 years.”

. The wife had locked the husband out of the condominium unit, titled in his name, and had also refused to give him his keys to his car, since January 2013.

. The wife’s stipulation for dismissal of the petition after a review of the unanimous reports of the examining committee members is not preclusive on the question of bad faith. Section 744.331(7)(c) addresses bad faith at the point of the filing of the petition.

. Though verified by the wife, these pleadings were filed by her attorney.

. The husband’s allegations regarding the wife’s bad faith are preliminarily supported by the wife’s own sworn (but disproven) written allegations and her actions, none of which are disputed here. Rather than attempt to explain or dispute those allegations and actions, the appellee/wife argues here that the husband’s attorney (as opposed to the separate attorney ad litem appointed by the court to represent the allegedly-incapacitated person) should not be compensated for his work in defending his client, the husband. As explained here, we reject that argument.

. This issue is also a question of first impression.